# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| ARCHIE LEMONT BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:20-CV-3 NAB |
| ) | |
| KEVIN COATES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Archie Lemont Butler for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $21.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, for the reasons discussed below, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing deposits totaling $105 over a one-month period. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $21.00, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir.

2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## The Complaint

Plaintiff Archie Lemont Butler (registration no. 1046953), an inmate at Marion County Jail, brings this action under 42 U.S.C. § 1983 against three defendants: (1) Kevin Coates (Marion County Jail administrator); (2) Lori Garrett (nurse at Marion County Jail); and (3) Dr. Alan Weaver (doctor at Marion County Jail). Plaintiff alleges that the three defendants violated his right under the Eighth Amendment to be free from cruel and unusual punishment when they were deliberately indifferent to his tooth pain. From approximately December 23rd or 24th until January 10th at 8pm, plaintiff alleges that he was denied any medication for his tooth pain. ECF No. 1 at 4. However, plaintiff also states that his pain didn't become worthy of monetary compensation until December 31, 2019, when it became "unbearable." *Id.* at 9. Plaintiff also asserts a claim of malpractice against Dr. Weaver alone. All three defendants are named in their individual and official capacities.

Plaintiff states that he has been suffering from a toothache since September due to a broken tooth cavity. ECF No. 1 at 5. Plaintiff informed defendant nurse Garrett on December 23 or 24th of his bleeding gums and tooth pain. *Id.* at 5-6. Nurse Garrett said she would talk to the doctor and get plaintiff's hospital records. Plaintiff put in sick calls on both December 31 and January 1. *Id.* at 6. Plaintiff asserts that on December 31, 2019, the pain became "unbearable" and he tried to declare a medical emergency. Plaintiff alleges that he was denied a medical emergency, but he does not state who denied him. *Id.* at 9. On the following day,

- 3 -

January 1, 2020, plaintiff filed a grievance on the Marion County Jail kiosk, stating that he needed pain medication and to be seen by a dentist for tooth pain and bleeding gums. *Id.* at 10.

Plaintiff saw nurse Garrett again on January 2, when she looked in his mouth and said he had a broken tooth and cavity. *Id.* at 6. Nurse Garrett told plaintiff to buy pain medication from the commissary and when plaintiff stated that the federal government should pay for his medication, as he was a federal inmate, he was told to leave the office. On January 3, plaintiff put in another sick call. But, according to nurse Garrett, plaintiff put in the call too late to see the doctor that day. *Id.* The doctor only comes to the Jail on Fridays. Plaintiff was scheduled to see the doctor the next Friday, January 10.

Plaintiff talked to defendant Coates on January 3 about his medical problems and that Coates told plaintiff that he would speak to the nurse about it. However, on January 7, nurse Garrett informed plaintiff that defendant Coates had not spoken to her about plaintiff. Coates confirmed to plaintiff that he had forgotten to speak to the nurse. At that point, plaintiff questioned nurse Garrett about a different inmate who he received antibiotics for bleeding gums without seeing the doctor first. Nurse Garrett simply told him "different strokes for different folks." ECF No. 1 at 6. Coates told plaintiff to purchase pain medication at the commissary. Plaintiff put in another sick call that day. Later that day, Coates told plaintiff that he would see the doctor in three days, on January 10. *Id.* at 5.

Plaintiff saw Dr. Weaver on January 10 concerning his tooth pain. Dr. Weaver looked in his mouth and stated that he had a broken tooth. ECF No. 1 at 7. Dr. Weaver told plaintiff that he did not have an infection but he prescribed plaintiff non-aspirin pain medication for three days and a salt-water rinse for the bleeding gums. After the three days, plaintiff could purchase pain medication from the commissary. Plaintiff complained that the commissary medication was not working to alleviate his pain and he asked for something more. Dr. Weaver told plaintiff that

"this was the Jail policy and this was all he could give." *Id.* According to plaintiff, Dr. Weaver explained that the Jail makes money from the commissary purchases, so they want medications purchased through the commissary. Dr. Weaver also explained that he would follow Jail policy because he is "private contractor that didn't want to lose his contract." *Id.*

Plaintiff complains that the over-the-counter pain medication (500 mg non-aspirin) prescribed to him from January 10 to 13, was only given twice a day at 8am and 8pm, despite the labeling saying that it could be taken every 4 hours. In addition, plaintiff says that it "didn't work." *Id.* at 4. Following January 13, plaintiff was told to purchase his own pain medication from the jail commissary. *Id.* On January 14, 2020, plaintiff filled out the instant § 1983 complaint. *Id.* at 14. As of that date, plaintiff had not seen a dentist. *Id.* at 9.

Plaintiff alleges that even after he informed the defendants of his continuing pain, he was provided no medical relief and has been "in pain continuously since." *Id.* at 8. For relief, plaintiff would like to see a dentist. He also seeks monetary damages of $1,000 per day since December 31, 2019, the date on which the "pain became unbearable." *Id.* at 9. According to plaintiff, the "pain has been at least 5 on pain scale" since December 31, 2019. *Id.*

## Background

According to Court records,[1] plaintiff Archie Lemont Butler (registration no. 1046953) pled guilty on July 31, 2017, to one charge of felon in possession of a firearm. *U.S. v. Butler*, No. 4:16-CR-412-1 RWS, ECF Nos. 67-69 (E.D. Mo. Sept. 21, 2016). Butler was sentenced on December 1, 2017, to forty-eight (48) months imprisonment followed by two (2) years of supervised release. *Id.* at ECF No. 85. However, on December 23, 2019, Butler was arrested under a warrant that was issued by this Court on December 18, 2019, for violations of his

---

[1] The Court takes judicial notice of its records regarding these related civil proceedings. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)).

supervised release. *Id.* at ECF No. 104. Butler waived his preliminary hearing and was ordered to be detained. *Id.* at ECF Nos. 111-13. After multiple continuances, Butler's final revocation of supervised release hearing was held on March 11, 2020. *Id.* at ECF No. 120. Butler admitted to violating the conditions of his supervised release and he was sentenced to seven (7) months imprisonment. *Id.* at ECF No. 121.

While incarcerated, Butler filed a § 1983 civil rights case in this Court on April 26, 2016, alleging a failure to receive adequate dental care while being detained at St. Louis City Justice Center. *Butler v. Corizon Health, Inc. et al.*, No. 4:16-CV-590 AGF (E.D. Mo. Apr. 26, 2016). Butler settled out of Court with defendant Corizon Health in that matter, and summary judgment was granted to the remaining defendant, Jeffrey Carson, on July 10, 2017. *Id.* at ECF Nos. 61-62, 69. Butler mentions this prior § 1983 lawsuit in his filings for this matter, but he states that this suit involves "new facts" and a "different tooth." ECF Nos. 1 at 12-13, 1-2 at 1.

## Discussion

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care."

*Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (quoted case omitted). To that end, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (quoted case omitted). Deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). When a delay in treatment is alleged to have violated an inmate's constitutional rights, the objective severity of the deprivation should be measured by reference to the effect of the delay in treatment. *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016).

In addition, a prisoner's disagreement with medical staff's decision to offer him over-the-counter medications, rather than prescription medication, does not constitute deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019); *see also Dulany v. Carnahan*, 132 F.3d 1234, (8th Cir. 1997) ("[I]nmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment.").

Here, plaintiff alleges that the response he received from defendants to his medial complaints, constitutes deliberately indifferent medical care. Plaintiff was arrested on December 23, 2019. He asserts that he discussed the tooth pain that he had been having since September, with nurse Garrett on December 23rd or 24th. According to plaintiff, the pain became "unbearable" – described by plaintiff as a "5" on the pain scale – on December 31. Plaintiff saw nurse Garrett two days later and was told to purchase pain medication at the Jail commissary. Plaintiff saw Dr. Weaver eight days later. Dr. Weaver told plaintiff that the tooth was not infected and prescribed three days of over-the-counter pain medication. The day after the prescription ended, plaintiff signed the complaint in this matter.

Plaintiff fails to plead facts sufficient to state a plausible claim for deliberate indifference to a serious medical need, as required to survive initial review. *See Estelle*, 429 U.S. at 106; *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Plaintiff admits that he had been having the tooth pain for three months before being arrested and complaining of the pain to nurse Garrett. As such, the pain did not constitute an emergency. Even as of December 31 when plaintiff described the pain as "unbearable," he only described the pain as a "5," – presumably on a scale of 1 to 10. Again, such level of pain does not seem emergent. Also, when Dr. Weaver saw plaintiff on January 10, he said the broken tooth was not infected.

Assuming, without deciding, that plaintiff's tooth pain constituted a serious medical need, defendants did not respond to plaintiff's medical complaints with "intentional maltreatment or a refusal to provide essential care." *Buckman*, 756 F.3d at 1066. Nurse Garrett saw plaintiff on January 2 and Dr. Weaver saw him on January 10. Plaintiff discussed his medical concerns with defendant Coates on January 3 and 7, and subsequently saw the doctor at his next visit to the Jail. Dr. Weaver found no tooth infection and prescribed over-the-counter medication. According to the facts alleged, defendants responded in a timely and proportionate manner to plaintiff's medical complaints. In addition, as discussed above, plaintiff's belief that he should have received prescription medication instead of over-the-counter medication, does not constitute a claim of deliberate indifference.

Plaintiff also complains about not seeing a dentist. However, plaintiff admits that the pain did not intensify until December 31, and he signed his complaint in this matter on January 14. Not seeing a dentist over a two-week period does not constitute deliberate indifference, especially given that the tooth is not infected.

Plaintiff's additional claim against Dr. Weaver for malpractice also fails. Medical malpractice, alone, is not actionable under the Eighth Amendment. *Popoalii v. Corr. Med.*

*Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). Allegations amounting to negligence do not state claims of constitutional significance. *See Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

To the extent that plaintiff also seeks to exert a claim against defendant Kevin Coates regarding his handling of plaintiff's grievance filings, such a claim fails. Plaintiff alleges that defendant Coates handles the Jail grievances and that even after multiple sick calls and grievance filings, plaintiff was not given any pain medicine. ECF No. 1 at 5. However, plaintiff also states that he filed a grievance on January 1 and saw nurse Garrett the next day. Also, he discussed his medical problems with defendant Coates on January 3 and 7, and subsequently saw Dr. Weaver three days later. The facts alleged indicate that Coates did not deliberately disregard or ignore plaintiff's complaints. Obviously, as a non-medical professional, Coates had no control over what kind of pain medication plaintiff received. Also, there is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). Plaintiff fails to state an Eighth Amendment claim against defendant Coates based on his handling of plaintiff's grievances.

For the reasons discussed above, the Court finds that the facts alleged are not sufficient to state an Eighth Amendment claim for deliberate indifference to a serious medical need. As such, plaintiff's complaint fails to state a claim upon which relief may be granted, and will be dismissed without prejudice. 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $21.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of April, 2020.

                                                      /s/ Ronnie L. White
                                                    RONNIE L. WHITE
                                                    UNITED STATES DISTRICT JUDGE